# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 16, 2013

## STATE OF TENNESSEE v. LARRY R. PORTERFIELD

**Appeal from the Circuit Court for Grundy County**
**No. 4765     Thomas W. Graham, Judge**

---

**No. M2012-01484-CCA-R3-CD - Filed February 6, 2013**

---

The defendant, Larry R. Porterfield, pleaded guilty to aggravated assault, and the Grundy County Circuit Court sentenced him as a Range I, standard offender to a term of four years' imprisonment. On appeal, the defendant challenges the manner of service of his sentence. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and PAUL G. SUMMERS, SR. J., joined.

Robert G. Morgan (on appeal and at trial) and Kandi Nunley (at trial), Assistant District Public Defenders, for the appellant, Larry R. Porterfield.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; J. Michael Taylor, District Attorney General; and David Shinn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 11, 2011, the Grundy County grand jury charged the defendant with aggravated assault and domestic assault arising out of a single episode on February 25, 2011. On March 2, 2012, the defendant pleaded guilty to aggravated assault. Pursuant to the plea agreement, the parties agreed that the defendant would receive a sentence of four years as a Range I, standard offender, but the plea agreement left to the trial court's discretion the manner of service of the sentence.

At the plea submission hearing, the State offered the following facts in support of the plea:

[The sheriff's department officer] responded to a domestic assault report at a residence in . . . Grundy County. When he arrived he saw a lady . . . [with] visible marks on her face, and he would testify that her eyes were swollen, becoming red, and appeared to [have] two black eyes, and some other marks on her. After talking to her . . . she actually admitted that she struck [the defendant] in the face. They'd gotten in to a verbal argument. She struck [the defendant] and then [he], essentially, proceeded to beat her up.

[The officer] interviewed the defendant [who] stated that [the victim] did hit him in the face. He then grabbed her by the back of the head, punched her in her face and . . . he admitted he kneed her. He thought he kneed her in the face, and at some point in time she fell to the ground.

While the officers were talking to [the victim and] advising her that she needed to get medical treatment[,] she passed out and went unconscious. She had to be life-flighted to Vanderbilt Hospital. She suffered some head injuries and she was treated at Vanderbilt, and eventually released.

In response to the trial court's inquiry, the State conceded that the victim had not suffered any permanent injury.

At the June 12, 2012 sentencing hearing, the State entered into evidence the defendant's presentence report, which listed four prior convictions: a 2003 conviction of driving with a revoked licence; a 2004 conviction of assault; a 2005 conviction of domestic violence; and a 2007 conviction of domestic violence. In each instance, the defendant received a sentence of supervised probation, and on three separate occasions between June 2005 and July 2007, the defendant violated his probation. Additionally, while on probation for the 2005 domestic violence conviction, the defendant was charged with and pleaded guilty to public intoxication in the City of Tullahoma. The defendant's mother testified that the defendant had assaulted her in the past. She stated that although she did not press charges, she did procure an order of protection against him. In the defendant's own testimony, he acknowledged the assault of his mother and subsequent order of protection.

In determining the manner of the defendant's sentence, the trial court looked to the sentencing considerations of Code Section 40-35-103 and stated as follows:

It would seem abundantly clear that at least two of the sentencing considerations [of] the three major considerations for confinement are clearly established in this case. That is, confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct. He does have a long history of criminal conduct, and it's mostly assaultive conduct, although there may be some other issues along the way, . . . .

. . . .

. . . This is the fourth conviction for assault in eight years. . . .

. . . .

. . . . Almost every conviction [has resulted in] probation . . . . Ultimately, they've ended up in some confinement, several of them, because of violating the probation issues, so that doesn't stand good for probation.

Another consideration is sub part (c), which says measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. I think that matter clearly applies in this case. I mean, in eight years we've had at least three probation violations and four convictions. So all of this leads to a record that just does not recommend [the defendant] for any further probations, or otherwise, so I'm sentencing him to the four-year sentence.

On appeal, the defendant argues that the trial court abused its discretion by sentencing him to four years' imprisonment rather than considering alternative sentencing. Specifically, the defendant contends that, because his criminal record contains only misdemeanor convictions and because he was sentenced as a standard offender to a Class C Felony in the instant case, he should be "considered as a favorable candidate for alternative sentencing" pursuant to Tennessee Code Annotated section 40-35-102(6)(A) (2006). The State argues that the record fully supports the trial court's sentencing decision in this case.

Since the passage of the 1989 Sentencing Act, our standard of review when considering challenges to the length and manner of service of a sentence has been de novo

review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006) ("When reviewing sentencing issues raised pursuant to subsection (a), including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct."). In 2005, the general assembly amended the Sentencing Act to bring our sentencing law into compliance with federal constitutional requirements as enunciated in *Blakely v. Washington*, 542 U.S. 296 (2004), and its progeny. Notably, the 2005 revisions rendered advisory the enhancement and mitigating factors and removed the presumptive sentence to be imposed by the trial court. *State v. Carter*, 254 S.W.3d 335, 345-46 (Tenn. 2008). In a number of cases following passage of the 2005 amendments, our supreme court signaled that the statutorily prescribed standard of review, de novo with a presumption of correctness, might be at odds with what had become a far more discretionary sentencing scheme. *See, e.g.*, *Carter*, 254 S.W.3d at 344, 346. In *State v. Cross*, 362 S.W.3d 512 (Tenn. 2012), the court again wrestled with the "the precise metes and bounds of appellate review under the current increased trial court discretion structure" but ultimately left the issue unsettled. *State v. Cross*, 362 S.W.3d 512, 529 (Tenn. 2012). The court visited the issue most recently in *State v. Bise*, and ultimately concluded that "although the statutory language continues to describe appellate review as de novo with a presumption of correctness," the 2005 revisions to the Sentencing Act "effectively abrogated the de novo standard of appellate review." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Observing that a change in our standard of review was necessary to comport with the holdings of the United States Supreme Court, our supreme court "adopt[ed] an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Id.* The court held that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness'" afforded to sentencing decisions of the trial court. *Id.* at 708.

The supreme court observed, however, that in making its sentencing decision, a trial court must consider the principles of sentencing enumerated in Code section 40-35-210(b):

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

*see Bise*, 380 S.W.3d at 698 n.33(citing T.C.A. § 40-35-210(b)), 706 n.41. By statute, the trial court must also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5). The court cautioned that, despite the wide discretion afforded the trial court under the revised Sentencing Act, trial courts are "still required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise* at 706 n.41 (citing T.C.A. § 40-35-210(e)). Thus, under the holding in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709.

In *State v. Christine Caudle*, No. M2010-01172-SC-R11-CD (Tenn. Nov. 27, 2012), the supreme court expanded the holding in *Bise* to the trial court's decision regarding alternative sentencing and probation eligibility, ruling "that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Christine Caudle*, ___ S.W.3d ___, No. M2010-01172-SC-R11-CD, slip op. at 7 (Tenn. Nov. 27, 2012). In consequence, we review the defendant's challenge to the manner of service of his sentence for an abuse of discretion.

In the instant case, the record reflects that the trial court based its sentencing decision on the considerations set forth in Code section 40-35-103(1), which provides:

(1) Sentences involving confinement should be based on the

following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; . . . .

*Id.* With respect to Subsection (A), the trial court pointed out that the defendant did have a long history of criminal conduct, having been convicted of four assaults in a span of eight years. Furthermore, under Subsection (C), the trial court found that the defendant had violated his probation on three occasions, resulting in some period of confinement on each occasion, which clearly evinced a failure in past efforts at alternative sentencing. In relying on section 40-35-102(6)(A) to support his argument that he should be considered a favorable candidate for alternative sentencing, the defendant fails to recognize a crucial part of the statute: that a standard offender convicted of a Class C felony should be considered for alternative sentencing "in the absence of evidence to the contrary" and that prior convictions "shall be considered evidence to the contrary." *Id.* Moreover, section 40-35-102(6)(D) provides that "[a] court shall consider, but is not bound by, the advisory sentencing guideline in this subdivision (6)." *Id.* Despite the defendant's argument that the trial court abused its discretion in sentencing him to confinement, our appellate review reveals that the record in this case reflects that the trial court considered the sentencing principles and all relevant facts and circumstances in determining that imprisonment was appropriate.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

-6-